United States District Court
Southern District of Texas
**ENTERED**
October 12, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EDDIE TAMEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-00220 |
| | § | |
| STEPHEN TOROK, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO RETAIN CASE AND DISMISS CERTAIN CLAIMS

Plaintiff Eddie Tamez, appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A.

Plaintiff has stated for purposes of screening a deliberate indifference claim against **Physician Assistant (PA) Stephen Torok** in his individual capacity. Accordingly, it is respectfully recommended that this claim be **RETAINED.** The undersigned will order service on this defendant. The undersigned respectfully recommends further that Plaintiff's claim against **PA Torok** in his official capacity be **DISMISSED with prejudice**.

**I.    JURISDICTION**

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

**II.   PROCEDURAL BACKGROUND AND ALLEGATIONS**

Plaintiff is currently confined as a pretrial detainee at the San Patricio County Jail in Sinton, Texas. Plaintiff's allegations in this case arise in connection with his stay at the San Patricio County Jail. Plaintiff sues PA Stephen Torok, claiming that he acted with deliberate indifference to Plaintiff's serious medical needs. At the Court's direction, Plaintiff has filed a More Definite Statement. (D.E. 8).

Plaintiff alleges the following pertinent facts in his Original Complaint and More Definite Statement. Plaintiff was brought into custody at the San Patricio County Jail on April 20, 2021. Since that date, Plaintiff has remained in continuous custody at the San Patricio County Jail. He is awaiting trial on various charges.

On the same day Plaintiff was taken into custody, he suffered several gunshot wounds in his left shoulder, left arm, and left hand. As a result, Plaintiff suffers from extreme pain. On a scale of one to ten, with ten being the most severe pain, Plaintiff states that his pain levels have constantly been at a ten.

Plaintiff also suffers from severe pain in his lower back following back surgery undertaken on August 9, 2012. Plaintiff's back surgery consisted of having a bone fusion

on the lower lumbar spine. Plaintiff cannot lift heavy objects, climb, or bend at the waist. Plaintiff states that his back pain level varies from six to eight.

Plaintiff was seen by PA Torok on two occasions. He explained his medical issues to PA Torok and the fact he was in severe pain from both the gunshot wounds and back issues. On the first occasion, PA Torok only prescribed Plaintiff with an anti-inflammatory medication. The medication did not alleviate Plaintiff's severe pain. On the second occasion, PA Torok discontinued the anti-inflammatory medication and refused to prescribe Plaintiff anything else. Plaintiff is not scheduled to see a surgeon for another three months. According to Plaintiff, PA Torok informed Plaintiff that his medical issues were Plaintiff's problem and not his problem.

In addition to monetary relief, Plaintiff seeks injunctive relief in the form of receiving proper medication for his severe pain. Plaintiff sues PA Torok in his individual and official capacities.

## III. LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state

a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken

as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id*.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

## IV. DISCUSSION

### A. Official Capacity Claim

Suits against individuals in their official capacities "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Goodman v. Harris County*, 571 F.3d 388, 395 (5th Cir. 2009) (internal quotations and citation omitted). Thus, to the extent Plaintiff seeks to sue PA Torok in his official capacity, it is effectively a suit against the official's office, San Patricio County. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

Even if the Court were to substitute San Patricio County on behalf of PA Torok in his official capacity, Plaintiff would not be able to state a § 1983 claim against San Patricio

County. A municipality is liable for the constitutional violations of its employees only if the alleged constitutional deprivations resulted from municipal policy. *Monell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978). *See also Zarnow v. City of Wichita Falls, Texas*, 614 F.3d 161, 166 (5th Cir. 2010) (noting that a municipality may not be subject to liability merely for employing a tortfeasor; liability requires deliberate action attributable to the municipality that is the direct cause of the alleged constitutional violation). Liability of a municipality under § 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose "moving force" is the policy or custom. *Monell*, 436 U.S. at 694; *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

Plaintiff fails to cite any county policy or practice that resulted in the violation of his constitutional rights. Accordingly, it is respectfully recommended that Plaintiff's claim against PA Torok in his official capacity be dismissed with prejudice.

### B. Deliberate Indifference

Plaintiff claims that PA Torok acted with deliberate indifference to his serious medical needs. Plaintiff has been a pretrial detainee at all relevant times while in custody at the San Patricio County Jail since April 20, 2021. (D.E. 8, p. 1).

Pretrial detainees have a constitutional right under the Due Process Clause to protection from harm during their confinement. *See Brumfield v. Hollins*, 551 F.3d 322, 327 (5th Cir. 2008) (citing *Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996) (en banc)). The duty to protect pretrial detainees from harm under the Due Process Clause is

the same as the one afforded to convicted prisoners under the Eighth Amendment. *See Hare*, 74 F.3d at 650 ("[T]he State owes the same duty under the Due Process Clause and the Eighth Amendment to provide both pretrial detainees and convicted inmates with basic human needs, including protection from harm, during their confinement."). Thus, Plaintiff's deliberate indifference claims will be analyzed under the same principles. *See Gibbs v. Grimmette*, 254 F.3d 545, 548 (5th Cir. 2001) (recognizing that there is "no significant distinction between pretrial detainees and convicted inmates concerning basic human needs such as medical care").

An Eighth Amendment violation occurs when a prison official is deliberately indifferent to an inmate's health and safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) *Farmer*, 511 U.S. at 834. In order to state a § 1983 claim for denial of adequate medical treatment, a prisoner must allege that prison officials acted with deliberate indifference to serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 105 (1976); *Wilson v. Seiter*, 501 U.S. 294, 303 (1991); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

The test for deliberate indifference has both an objective and subjective prong. Under the objective prong, the inmate "must first prove objective exposure to a substantial risk of serious harm." *Trevino v. Livingston*, No. 3:14-CV-52, 2017 WL 1013089, at *3 (S.D. Tex. Mar. 13, 2017) (citing *Gobert v. Caldwell*, 463 F.3d 339, 345-46 (5th Cir. 2006)). To prove the subjective prong of the deliberate indifference test, the inmate "must show both: (1) that the defendant was aware of facts from which the inference of an excessive risk to the [inmate's] health or safety could be drawn; and (2) that the defendant

actually drew the inference that such potential for harm existed." *Trevino*, 2017 WL 1013089, at *3 (citing *Farmer*, 511 U.S. at 397 and *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999)).

In the context of medical treatment, the prisoner must show "that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (internal quotation marks and citation omitted). A "delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference [that] *results in substantial harm.*" *Easter v. Powell*, 467 F.3d 459, 464 (5th Cir. 2006) (emphasis in original).

Plaintiff's allegations reflect that he has experienced since April 20, 2021 severe and continuous pain at the highest level caused by gunshot wounds to his left side and that he also experienced severe and continuous pain related to a back surgery performed years ago. Plaintiff alleges that PA Torok responded to Plaintiff's complaints of extreme pain and discomfort by: (1) prescribing anti-inflammatories following Plaintiff's first visit; (2) discontinuing the anti-inflammatories on Plaintiff's second visit; (3) providing Plaintiff with no additional prescriptions or treatment; and (4) informing Plaintiff that his medical issues were his own problem.

Plaintiff's allegations, accepted as true, suggest that PA Torok may have provided Plaintiff with such minimal treatment to indicate a wanton disregard for Plaintiff's severe

and continuous pain arising from his recent gunshot wounds and chronic back issue. *See Harris v. Hegmann*, 198 F.3d 153, 159-60 (5th Cir. 1999); *Williams v. Certain Individual Employees of Tex. Dep't of Crim. Justice – Inst'l Div. at Jester III Unit, Richmond, Tex.*, 480 F. App'x 251, 257 (5th Cir. 2010); *Jones v. Valdez*, No. 3:16-cv-215, 2016 WL 11431910, at *6 (N.D. Tex. Apr. 14, 2016)). Accordingly, because Plaintiff has stated a plausible deliberate indifference claim, the undersigned respectfully recommends that the Court retain such claim against PA Torok in his individual capacity.

## V. RECOMMENDATION

For the reasons discussed above and for purposes of §§ 1915A and 1915(e)(2), the undersigned respectfully recommends that the Court **RETAIN** Plaintiff's Eighth Amendment claim of deliberate indifference against **PA Stephen Torok** in his individual capacity. The undersigned will order service as to this defendant by separate order. The undersigned respectfully recommends further that Plaintiff's claim against **PA Torok** in his official capacity be **DISMISSED with prejudice**.

Respectfully submitted on October 12, 2021.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).