United States District Court
Southern District of Texas
**ENTERED**
December 15, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EDDIE TAMEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-00220 |
| | § | |
| STEPHEN TOROK, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Eddie Tamez, appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is a Motion for Summary Judgment filed by Defendant Stephen Torok.[1]  (D.E. 30). For the reasons stated herein, the undersigned respectfully recommends that the Court **GRANT** Defendant Torok's summary judgment motion.

## I.      JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

---

[1]The Court has construed the Defendant's filed "Motion to Dismiss" as a Motion for Summary Judgment.  (D.E. 31).

## II.     PROCEDURAL BACKGROUND AND ALLEGATIONS

At the time of the filing of the complaint in this case, Plaintiff was confined as a pretrial detainee at the San Patricio County Jail in Sinton, Texas.[2] Plaintiff's allegations in this case arise in connection with his stay at the San Patricio County Jail ("SPCJ"). Plaintiff sues Defendant Torok, claiming that he acted with deliberate indifference to Plaintiff's serious medical needs. At the Court's direction, Plaintiff filed a More Definite Statement. (D.E. 10). Plaintiff alleges the following pertinent facts in his Original Complaint and More Definite Statement. Plaintiff was brought into custody at the SPCJ on April 20, 2021. Since that date, Plaintiff has remained in continuous custody at the SPCJ. He is awaiting trial on various charges.

Plaintiff sued Defendant Torok, generally alleging that Defendant Torok violated his Eighth Amendment rights by denying him proper medication and medical treatment for his gun-shot wounds and serious back issues. In addition to monetary relief, Plaintiff seeks injunctive relief in the form of receiving proper medication for his severe pain. Plaintiff sues Defendant Torok in his individual and official capacities.

Defendant Torok has filed a construed motion for summary judgment (D.E. 30) and a supplement to the construed motion for summary judgment (D.E.s 38, 39, 40, & 41). Defendant Torok submits that Plaintiff has failed to exhaust his administrative remedies

---

2 Plaintiff has not kept the Court informed of his correct mailing address, as several of the Court filings in this case have been returned. The Court has learned through an inmate search of the Texas Department of Criminal Justice public website that Plaintiff Tamez is currently confined at the Ferguson Unit of the Texas Department of Corrections, 12120 Savage Drive, Midway, Texas 75852-3654. The Court will direct the Clerk's Office to correct Plaintiff's address.

and has failed to state a viable Eighth Amendment claim.  Plaintiff has failed to respond to Defendant Torok's construed motion for summary judgment.  Plaintiff has also failed to respond to the Court's August 10, 2022 Order directing Plaintiff and Defendant Torok to supplement the material before the Court.  (D.E. 31).

## III.    SUMMARY JUDGMENT EVIDENCE

Defendant Torok offers the following summary judgment evidence:

- Exh. 1 – SPCJ Inmate Handbook (D.E. 30-1).

- Exh. 2 - Plaintiff's Relevant Medical Records (D.E. 30-2).

- Exh. 3 – Plaintiff's Grievance File (D.E. 30-3).

- Exh. 4 – Plaintiff's Criminal History Documents (D.E. 39).

- Exh. 5 – Plaintiff's Jail File Records (Part 1) (D.E. 40).

- Exh. 5 – Plaintiff's Jail File Records (Part 2) (D.E. 41).

Plaintiff's verified Complaint (D.E. 1) and More Definite Statement (D.E. 10) serve as competent summary judgment evidence. *See Garrett v. Davis*, No. 2:14-CV-70, 2017 WL 1044969, at *3 (S.D. Tex. Mar. 20, 2017).  However, Plaintiff has not provided any further summary judgment, as he has not responded to the Court's Order or to Defendant Torok's construed motion for summary judgment.

## IV.    SUMMARY JUDGMENT STANDARD

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  A

genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The Court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

In making this determination, the Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits, and admissions on file, and drawing all justifiable inferences in favor of the party opposing the motion.  *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002).  The Court may not weigh the evidence or evaluate the credibility of witnesses.  *Id.*  Furthermore, affidavits or declarations "must be made on personal knowledge, [shall] set out facts that would be admissible in evidence, and [shall] show that the affiant or declarant is competent to testify to the matters stated." Fed. R. Civ. P. 56(c)(4); *see also Cormier v. Pennzoil Exploration & Prod. Co.*, 969 F.2d 1559, 1561 (5th Cir. 1992) (per *curiam*) (refusing to consider affidavits that relied on hearsay statements); *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987) (per curiam) (stating that courts cannot consider hearsay evidence in affidavits and depositions).  Unauthenticated and unverified documents do not constitute proper summary judgment evidence.  *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the moving party demonstrates an absence of evidence supporting the nonmoving party's case, then the

burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). To sustain this burden, the nonmoving party cannot rest on the mere allegations of the pleadings. Fed. R. Civ. P. 56(c)(1); *Anderson*, 477 U.S. at 248. "After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *Caboni*, 278 F.3d at 451. "If reasonable minds could differ as to the import of the evidence ... a verdict should not be directed." *Anderson*, 477 U.S. at 250-51.

## V.    DISCUSSION

The Prison Litigation Reform Act, 42 U.S.C. § 1997e, provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The exhaustion requirement applies to all inmate suits about prison life, whether involving general circumstances or specific incidents. *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Clifford v. Gibbs*, 298 F.3d 328, 330 (5th Cir. 2002). Exhaustion is mandatory, and strict compliance is required in the Fifth Circuit. *Porter*, 534 U.S. at 524; *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003), *overruled on other grounds by Jones v. Bock, 549 U.S. 199* (2007). Moreover, a prisoner is required to exhaust his administrative

remedies even if a particular remedy, such as money damages, is unavailable through the grievance process. *Booth v. Churner*, 532 U.S. 731, 734 (2001); *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). A prisoner must complete the administrative review process in accordance with all procedural rules, including deadlines, as a precondition to bringing suit in federal court. *Woodford v. Ngo*, 548 U.S. 81, 83 (2006).

The failure to exhaust administrative remedies is an affirmative defense on which Defendants bear the burden of proof. *Jones*, 549 U.S. at 216. *See also Abbott v. Babin*, 587 F. App'x 116, 118 (5th Cir. 2014) ("When defendants seek to avail themselves of the affirmative defense of failure to exhaust, they bear the burden of showing that administrative remedies were not exhausted"); *Morgan v. Texas Dep't of Criminal Justice McConnell Unit*, 537 F. App'x 502, 508 (5th Cir. 2013) (same); *Dillon*, 596 F.3d at 266 (noting that prison officials "must establish beyond peradventure all of the essential elements of the defense of exhaustion").

Defendant Torok has submitted competent summary judgment evidence confirming that San Patricio County Jail ("SPCJ") has an inmate grievance procedure. (D.E. 30-1). According to the SPCJ grievance procedure, "any inmate may file a grievance for the following: violation of civil rights, criminal acts, unjust denial or restriction of inmate privileges or a prohibited act by facility staff." (*Id*.). The records submitted by Defendant Torok reflect that SPCJ officials made Plaintiff aware of the SPCJ's grievance policy but that he refused to sign his acknowledgment of the policy. (D.E. 38-1).

Defendant Torok also has submitted Plaintiff's grievance file.  (D.E. 30-3).  The file includes copies of Plaintiff's grievance records for the time period between August 7, 2021 and September 19, 2021.  (*Id.*).  These records consist of three grievances filed by Plaintiff, complaining about matters unrelated to the claims advanced in this case.  (*Id.*).  Plaintiff, in turn, has submitted no competent summary judgment evidence on the issue of exhaustion.

The competent summary judgment evidence establishes that Plaintiff failed to exhaust his available administrative remedies with respect to his deliberate indifference claims against Defendant Torok.  Defendant Torok's summary judgment evidence reflects that Plaintiff never filed any grievance involving a matter related to the deliberate indifference claims raised in this case.  (D.E. 30-3).

As explained by the Supreme Court in *Ross*, the only "textual exception  to mandatory exhaustion" in the PLRA is the "availability" of administrative remedies.  *Ross v. Blake*, 578 U.S. 632, 642 (2016).    Prisoners, therefore, are only required to exhaust administrative remedies that are actually "available" to them.  *Davis v. Fernandez*, 798 F.3d 290, 294 (5th Cir. 2015).   "To determine what remedies are 'available' and thus must be exhausted, [courts] look to 'the applicable procedural rules ... defined ... by the prison grievance process itself.'"  *Wilson v. Epps*, 776 F.3d 296, 299 (5th Cir. 2015) (quoting *Jones*, 549 U.S. at 299).  Therefore, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."  *Jones*, 549 U.S. at 218. *See also Cowart*

*v. Erwin*, 837 F.3d 444, 451 (5th Cir. 2016) ("The prison's grievance procedures, and not the PLRA, define the remedies that are available and must thus be exhausted.").

An administrative remedy is available if it is "'capable of use' to obtain 'some relief for the action complained of.'" *Ross*, 578 U.S. at 642 (quoting *Booth*, 532 U.S. at 738). In other words, "[a]dministrative relief is 'available' so long as the prison administrator has the 'authority to take some action in response to a complaint,' even if that relief does not provide the precise 'remedial action an inmate demands to the exclusion of all other forms of redress.'" *Balderas v. Carr*, No. 4:21-CV-0496-P, 2022 WL 953329, at *3 (N.D. Tex. Mar. 29, 2022) (quoting *Booth*, 532 U.S. at 736). Courts, therefore "may not excuse a failure to exhaust, even to take [special] circumstances into account." *Ross*, 578 U.S. at 639.

Conversely, the Supreme Court has identified the following three circumstances in which administrative remedies are considered to be unavailable: "(1) when an administrative procedure operates as a dead end with officers unable or consistently unwilling to provide any relief to aggrieved inmates; (2) when an administrative scheme is so opaque that it becomes incapable of use (no ordinary prisoner can discern or navigate it); and (3) when prison administrators thwart inmates from using the grievance process through machination, misrepresentation, or intimidation." *Poff v. Carr*, No. 4:21-CV-900-P, 2022 WL 2133871, at *3 n.5 (N.D. Tex. Jun. 14, 2022 (citing *Ross*, 578 U.S. at 643-45).

A fair reading of the relevant portion of the SPCJ grievance procedure reveals that Plaintiff was permitted to file a grievance at any time he was an inmate at the SPCJ. (D.E.

30-1). While it is undisputed that Plaintiff did not sign the form indicating his acknowledgment of the SPCJ grievance procedure, the competent summary judgment evidence presented shows that: (1) Plaintiff was well-aware of the SPCJ grievance procedure during his time in custody as he had filed three grievances on other matters; and (2) Plaintiff failed to file any grievance against Defendant Torok during his time in custody at the SPCJ. Plaintiff has come forward with no evidence to establish a genuine issue of material fact as to whether the administrative remedies at the SPCJ were unavailable to him during his stay in custody. No evidence has been presented by Plaintiff showing that any officials at the SPCJ, including Defendant Torok, actually prevented Plaintiff from filing any informal grievances or formal grievances in accordance with jail policy. See *Grafton v. Hesse*, No. 17-3346, 2019 WL 4071753, at *1 (2d Cir. Aug. 29, 2019) (citing *Ruggiero v. Cty. of Orange*, 467 F.3d 170, 178 (2d Cir. 2006)) (holding that prison administrative remedies remain available where no affirmative action has been undertaken by prison officials to prevent prisoners from pursuing such remedies). Rather, as discussed above, the uncontroverted evidence demonstrates that Plaintiff availed himself of the SPCJ grievance procedure on at least three occasions without any issues.

Thus, even when viewing the competent summary judgment in a light most favorable to Plaintiff, Plaintiff has failed to exhaust the administrative remedies available to him at the SPCJ. Furthermore, no evidence has been presented to excuse his failure to exhaust his claims against Defendant Torok. Accordingly, Defendant Torok is entitled to

summary judgment in his favor and dismissal of Plaintiff's Eight Amendment deliberate indifference claim with prejudice for lack of exhaustion.[3]

## VI.    RECOMMENDATION

Plaintiff has failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a) prior to filing suit, and there are no circumstances to excuse exhaustion.  Thus, it is respectfully recommended that Defendant Torok's Construed Motion for Summary Judgment (D.E. 30), as supplemented (D.E. 38, 39, 40, & 41), be **GRANTED** and that Plaintiff's deliberate indifference claims against Defendant Torok be **DISMISSED** with prejudice for failure to exhaust.[4]

Respectfully submitted on December 15, 2022.

_____
Julie K. Hampton
United States Magistrate Judge

---

[3] A dismissal for failure to exhaust is generally without prejudice.  However, because Plaintiff cannot now avail himself of the SPCJ grievance procedure and the failure to exhaust cannot be cured, dismissal with prejudice is appropriate in this case.  *See Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995) (holding that dismissal with prejudice warranted when administrative relief is time barred or otherwise precluded).

[4] Because the undersigned recommends dismissal of this action for failure to exhaust, it is unnecessary to consider Defendant Torok's alternative ground for dismissal that Plaintiff complaint fails to state a claim upon which relief can be granted.

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).